NOT DESIGNATED FOR PUBLICATION

No. 120,597

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NICHOLAS GILLELAND REESE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Butler District Court; JANETTE L. SATTERFIELD, judge. Opinion filed January 8, 2021. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Brett D. Sweeney*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GREEN, P.J., MALONE, J., and MCANANY, S.J.


PER CURIAM: Nicholas Gilleland Reese appeals his conviction for aggravated battery. Reese contends that the trial court committed reversible error by failing to instruct the jury that the State was required to prove beyond a reasonable doubt that he did not act in self-defense. Because we conclude that this error was not clear error, we affirm.


On April 29, 2018, Casey Lewis called Reese to say that he was coming to Reese's home at 9:30 p.m. Reese met Lewis in the driveway, carrying a camouflage Bible, beer,

and cinnamon whiskey. Reese got into Lewis' car and the two sat in the car listening to music and talking. Lewis smoked marijuana while Reese drank beer.

After 30 to 40 minutes, Reese put his hand on the gear selector and Lewis shoved Reese's hand away. Reese responded by hitting Lewis several times while holding a knife in his hand, causing several knife wounds. Lewis believed that he was being punched but realized that he was being stabbed when blood ran down his face. When Lewis realized that he was being stabbed, he jumped out of the driver's seat of the car, allowing the car to run into the side of Reese's house. Reese got out of the car to pursue Lewis, which gave Lewis the chance to get back in the driver's seat. Lewis shut the door, backed the car out, and drove away.

Lewis drove to his brother's house, attempted first aid, and then went to the emergency room. Police interviewed Lewis at the hospital. Lewis told police that Reese stabbed him. Police officers went to Reese's home, woke him from a deep sleep, arrested him, and took him to the police station for an interview.

Police searched Reese's home and collected the clothing that he was wearing while in Lewis' car and the knife that he had been holding when he hit Lewis. Police interviewed Reese. Reese told police that he had been drinking that day. Reese said that he reacted the way that he did in response to being threatened at his own house. But later in the interview, Reese said that his reaction was over a comment about being fat. The State charged Reese with aggravated battery, in violation of K.S.A. 2017 Supp. 21-5413(b)(1)(A).

Reese testified at trial that Lewis had bullied him when they were in school together. Reese said that Lewis came to his house the day of the incident around noon, accusing Reese of breaking the windows of a car that Lewis was trying to sell. Lewis left after 10 to 20 minutes and Reese started drinking. Reese testified that he drank beer,

vodka, and whiskey sporadically throughout the day before Lewis came back after 9:30 p.m.

Reese testified that he tried to leave the car, but Lewis told him that he was not going anywhere and hit him in the head. Reese said that he responded by hitting Lewis back, but did not realize that he had a knife in his hand when he did so. Reese also testified that he thought that he saw Lewis holding a metal object that may have been a "gun or something." Reese testified that he never mentioned seeing a gun to the police because he was "half asleep and half drunk," but he recalled more details when he had time to sit and really think about the incident. Reese testified that he followed Lewis out of the vehicle and chased him down the driveway, but then Lewis got back in his vehicle and left.

The trial court instructed the jury on the charged offense and the lesser included offenses of reckless aggravated battery resulting in great bodily harm, knowing and reckless aggravated battery resulting in bodily harm, and battery. The jury convicted Reese of the charged offense—knowing aggravated battery resulting in great bodily harm.

Before sentencing, Reese filed a motion for departure sentence, arguing (1) that Reese's criminal history did not include any felony convictions, and (2) that Reese believed that he was acting in self-defense, even if his belief was unreasonable or rejected by the jury. At sentencing, the trial court denied Reese's request and sentenced Reese to 41 months in prison.

Reese timely appeals.

*Did the Trial Court Err by Failing to Instruct the Jury that the State Was Required to Prove Beyond a Reasonable Doubt that Reese Did Not Act in Self-Defense?*

Reese notes that the trial court instructed the jury on the use of force in defense of a person as a defense to the crime. But the trial court did not instruct the jury that the State must prove beyond a reasonable doubt that Reese did not act in self-defense. Reese argues that giving the first instruction but not the second is reversible error. The State concedes that the court erred in not instructing the jury on the burden of proof. But the State argues that it was not reversible error.

> "When analyzing jury instruction issues, we follow a three-step process: '(1) determining whether the appellate court can or should review the issue, i.e., whether there is a lack of appellate jurisdiction or a failure to preserve the issue for appeal; (2) considering the merits of the claim to determine whether error occurred below; and (3) assessing whether the error requires reversal, i.e., whether the error can be deemed harmless.'" *State v. McLinn*, 307 Kan. 307, 317, 409 P.3d 1 (2018).

Whether a party has preserved a jury instruction issue affects the appellate court's reversibility inquiry at the third step. 307 Kan. at 317; see K.S.A. 2019 Supp. 22-3414(3) ("No party may assign as error the giving or failure to give an instruction . . . unless the party objects thereto before the jury retires to consider its verdict . . . unless the instruction or the failure to give an instruction is clearly erroneous.").

At the second step, appellate courts consider whether the instruction was legally and factually appropriate. *McLinn*, 307 Kan. at 318. Appellate courts use unlimited review to determine whether an instruction was legally appropriate. *State v. Johnson*, 304 Kan. 924, 931-32, 376 P.3d 70 (2016).

At the third step, if the challenging party did not object to the jury instruction below, the appellate court applies the clear error standard and will only reverse if an error

4

occurred and the court is firmly convinced that the jury would have reached a different verdict if the instruction error had not occurred. The party claiming a clear error has the burden to demonstrate the necessary prejudice. *McLinn*, 307 Kan. at 318.

In evaluating whether an instruction rises to the level of clear error, the issue of "[r]eversibility is subject to unlimited review and is based on the entire record. It is the defendant's burden to establish clear error under K.S.A. 22-3414(3)." *State v. Betancourt*, 299 Kan. 131, 135, 322 P.3d 353 (2014). The clear error determination must review the impact of the erroneous instruction in light of the entire record including the other instructions, counsel's arguments, and whether the evidence is overwhelming. *In re Care & Treatment of Thomas*, 301 Kan. 841, 849, 348 P.3d 576 (2015).

Appellate courts consider "'jury instructions as a whole, without focusing on any single instruction, in order to determine whether they properly and fairly state the applicable law or whether it is reasonable to conclude that they could have misled the jury.'" *State v. Butler*, 307 Kan. 831, 843, 416 P.3d 116 (2018); see *State v. Dupree*, 304 Kan. 377, 394, 373 P.3d 811 (2016) (reading the instructions as a whole, they inform the jury sufficiently to support the defendant's conviction).

To establish clear error, "'the defendant must firmly convince the appellate court that the giving of the instruction would have made a difference in the verdict.'" *State v. Cooper*, 303 Kan. 764, 771, 366 P.3d 232 (2016).

Our Supreme Court "'strongly recommend[s] the use of PIK instructions, which knowledgeable committees develop to bring accuracy, clarity, and uniformity to instructions.'" *Butler*, 307 Kan. at 847.

A criminal defendant generally is entitled to an instruction on the law applicable to his or her theory of defense if the instruction would be both legally and factually appropriate. *Dupree*, 304 Kan. at 397.

Reese argues that, to find him guilty, the jury had to be instructed that the State bore the burden of proving beyond a reasonable doubt that he did not act in self-defense.

At Reese's trial, Instruction No. 11, explaining the theory of self-defense, read as follows:

"Defendant claims his use of force was permitted as self-defense.

"Defendant is permitted to use physical force against another person including using a weapon or display to another person a weapon when and to the extent that it appears to him and he reasonably believes such physical force or display is necessary to defend himself against the other person's imminent use of unlawful force. Reasonable belief requires both a belief by defendant and the existence of facts that would persuade a reasonable person to that belief.

"Defendant is permitted to use against another person physical force that is likely to cause death or great bodily harm only when and to the extent that it appears to him and he reasonably believes such force is necessary to prevent death or great bodily harm to himself from the other person's imminent use of unlawful force. Reasonable belief requires both a belief by defendant and the existence of facts that would persuade a reasonable person to that belief.

"When use of force is permitted as self-defense, there is no requirement to retreat."

Instruction No. 3, relating to the State's burden of proof, read as follows:

"The State has the burden to prove the defendant is guilty. The defendant is not required to prove he is not guilty. You must presume that he is not guilty unless you are convinced from the evidence that he is guilty.

6

"The test you must use in determining whether the defendant is guilty or not guilty is this: If you have a reasonable doubt as to the truth of any of the claims required to be proved by the State, you must find the defendant not guilty. If you have no reasonable doubt as to the truth of each of the claims required to be proved by the State, you should find the defendant guilty."

But the trial court did not instruct the jury on the burden of proof when a defendant claims an affirmative defense. This instruction, PIK Crim. 4th 51.050 (2019 Supp.), would have informed the jury of the following:

"The defendant raises [the use of force in defense of a person] as a defense. Evidence in support of this defense should be considered by you in determining whether the State has met its burden of proving that the defendant is guilty. The State has the burden to disprove this defense beyond a reasonable doubt. The State's burden of proof does not shift to the defendant."

Reese did not propose this instruction to the court and did not object to its omission.

On appeal, Reese argues that the failure to give this instruction was clear error and that this court should reverse his conviction and remand for a new trial. Reese claims that the Legislature's 2010 amendment, creating K.S.A. 2011 Supp. 21-5108(c), added an obligation for the court to instruct the jury on the burden of proof related to self-defense. The State argues that omitting the instruction is not reversible error. Both Reese and the State remark on how closely this case parallels our Supreme Court's decision in *State v. Staten*, 304 Kan. 957, 377 P.3d 427 (2016).

Michael Staten was convicted by a jury of one count of aggravated battery. Staten and Yvonne Williamson engaged in an altercation that left Williamson severely injured. Williamson and three neighbors described the altercation as Staten hitting Williamson

7

with a stick, kicking her, and punching her as she lay on the ground. Williamson was hospitalized for four days with scars, bruises, a puncture wound, and an injury to one eye, which required surgery. Staten, meanwhile, claimed that he wrestled a stick away from Williamson and hit her with the stick in the process. The jury was instructed on self-defense but not the burden of proof for self-defense, exactly as in this case.

Our Supreme Court in *Staten* analyzed the trial court's instructions to the jury against the requirements of K.S.A. 2016 Supp. 21-5108(c), which reads as follows:

> "(c) A defendant is entitled to an instruction on every affirmative defense that is supported by competent evidence. Competent evidence is that which could allow a rational fact finder to reasonably conclude that the defense applies. Once the defendant satisfies the burden of producing such evidence, the state has the burden of disproving the defense beyond a reasonable doubt."

Our Supreme Court concluded that the trial court had erred by giving the instruction on self-defense without also giving the burden of proof instruction. But for error to be reversible, the reviewing court must be firmly convinced that the jury would have reached a different verdict had the instruction error not occurred. Our Supreme Court held that this error is not reversible when the instructions as a whole accurately reflect the burden of proof and the evidence supporting the affirmative defense is "vanishingly weak." *Staten*, 304 Kan. at 964-65, 967.

Here, as in *Staten*, the trial court instructed the jury that the State had the burden of proof on each of its claims. The trial court instructed the jury that Reese was not required to prove that he was not guilty. And here, as in *Staten*, the only evidence of self-defense was the testimony of the defendant. Reese's statements of self-defense did not align with his earlier statements to police that he was angry at Lewis for calling him fat. Also, Lewis testified that Reese climbed through the car and out of the driver's side to chase him down the driveway. Reese contradicts him by saying that he climbed out of the

8

passenger's side to chase him. But both agree that, on whatever side Reese left the car, he got out of the car and chased Lewis, an action not entirely consistent with the claim of self-defense. The evidence supporting Reese's claim of self-defense is on a par with the evidence of self-defense in *Staten*.

The failure to give the PIK instruction was error, but it was not clear error. Instructions are clearly erroneous only when the reviewing court is firmly convinced that there is a real possibility that the jury would have reached a different verdict in the absence of the error. *Staten*, 304 Kan. at 967. In light of the generally correct nature of the instructions as a whole and the nature of the evidence supporting Reese's claim of self-defense, the instructional error does not provide a basis for reversing Reese's conviction.

For the preceding reasons, we affirm.

Affirmed.